```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

CHRISTOPHER SCHAFFERS,         )
                               )
     Plaintiff,                )
                               )
vs.                            )     No. 24-cv-2258-TLP-tmp
                               )
METHODIST LEBONHEUR,           )
                               )
     Defendant.                )
_____

      ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
      IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE
_____
```

On April 22, 2024, Plaintiff Christopher Schaffers, a resident of Memphis, Tennessee, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 3.)

Federal law provides that the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $405.[1] 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits in indigent plaintiff to avoid payment of filing fees by

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52, which was increased to $55 on December 1, 2023, for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to all the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.q., Reynolds v. Fed. Bur. of Prisons, 30 F. App'x 574 (6th Cir. 2002); Broque v. Fort Knox Fed. Credit Union, No. 96-1896, 1997 WL 242032 (6th Cir. May 8, 1997).

In this case, Plaintiff's motion to proceed *in forma pauperis* does not provide the Court with sufficient financial information to determine if Plaintiff is unable to pay the civil filing fee. The Plaintiff states on the application to proceed *in forma pauperis* at number 11 that he has started a new job, but he has not included the amount now being earned in section 1, Income amount expected next month. The plaintiff is ORDERED to either submit a properly completed and executed *in forma pauperis* application or pay the $405.00 civil filing fee within thirty (30) days after the date of this order. The Clerk is directed to send Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit along with this order.

Failure to comply in a timely manner with this order will result in a recommendation to the presiding district judge that

this action be dismissed pursuant to Federal Rules of Civil Procedure 41(b).

IT IS SO ORDER this 10th day of May, 2024.

s/Tu M. Pham
TU M. PHAM
CHIEF UNITED STATE MAGISTRATE JUDGE